# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID THOMAS WARREN,

    Petitioner,

vs.

CATHERINE CORTEZ MASTO,

    Respondents.

Case No. 3:14-cv-00479-RCJ-VPC

**ORDER**

    Petitioner has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#11). The court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The amended petition contains twenty-eight grounds for relief. The court will dismiss four grounds because they lack merit on their faces. Based upon the state-court orders that petitioner has attached to the amended petition, most, if not all, of the remaining grounds are procedurally defaulted, but the court does not have enough of the state-court record to be certain. The court will direct respondents to respond to the amended petition.

    In ground 4, petitioner alleges that his First Amendment right to represent himself on direct appeal was denied. Petitioner has no such right. <u>Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.</u>, 528 U.S. 152 (2000). The court dismisses ground 4.

    In ground 26, petitioner alleges that he did not receive credit for time served on house arrest, in violation of the Fifth Amendment. Federal habeas corpus relief is available to a petitioner in custody pursuant to a state-court judgment of conviction only if that custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "A federal court may not

issue the writ on the basis of a perceived error of state law." <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984). "The origin of the modern concept of pre-conviction jail time credit upon the term of the ultimate sentence of imprisonment is of legislative grace and not a constitutional guarantee." <u>Gray v. Warden of Montana State Prison, State of Mont.</u>, 523 F.2d 989, 990 (9th Cir. 1975). Petitioner might be able to receive federal habeas corpus relief if state law clearly creates a liberty interest in credit for time served. <u>Hicks v. Oklahoma</u>, 447 U.S. 343, 346 (1979). Nevada's pre-sentence credit statute states, in relevant part:

> [W]henever a sentence of imprisonment in the county jail or state prison is imposed, the court may order that credit be allowed against the duration of the sentence, including any minimum term thereof prescribed by law, for the amount of time which the defendant has actually spent in confinement before conviction, unless the defendant's confinement was pursuant to a judgment of conviction for another offense.

Nev. Rev. Stat. § 175.055(1). The statute uses discretionary terms, but the Nevada Supreme Court has held that the purpose of the statute is to ensure that all time served is credited toward the defendant's ultimate sentence. <u>State v. Second Judicial Dist. Court (Jackson)</u>, 116 P.3d 834, 836 (Nev. 2005). However, in the same decision the Nevada Supreme Court held that the statute does not allow pre-sentence credits for time spent on house arrest or residential confinement. <u>Id.</u> at 837. This court is bound by the Nevada Supreme Court's interpretation of Nevada law. <u>Bains v. Cambra</u>, 204 F.3d 964, 972 (9th Cir. 2000). Consequently, even if Nevada has created a constitutionally protected liberty interest in credit for time served, that liberty interest does not extend to time spent on house arrest. The lack of pre-sentence credit is not a federal constitutional violation, and this court cannot grant petitioner any relief. The court dismisses ground 26.

In ground 27, petitioner alleges that he had no access to a law library from October 13, 2011, until May 15, 2012; petitioner represented himself in the trial court during this time. Even though the Constitution guarantees petitioner the right to represent himself in criminal proceedings—but not on direct appeal—the Constitution does not guarantee petitioner a right of access to the law library or other legal aid while he represented himself during those criminal proceedings. <u>Kane v. Garcia Espitia</u>, 546 U.S. 9 (2005). The court dismisses ground 27.

In ground 28, petitioner alleges errors that occurred in his state-court post-conviction habeas corpus proceedings. "[A] petition alleging errors in the state post-conviction review process is not

addressable through habeas corpus proceedings." Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997). The court dismisses ground 28.

IT IS THEREFORE ORDERED that grounds 4, 26, 27, and 28 of the amended petition (#9) are **DISMISSED**.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to answer or otherwise respond to the amended petition (#9). Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. Successive motions to dismiss will not be entertained. If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

IT IS FURTHER ORDERED that henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the respondents or counsel for the respondents. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the clerk, and any paper received by a district judge, magistrate judge, or the clerk that fails to include a certificate of service.

Dated:  June 11, 2015

_____
ROBERT C. JONES
United States District Judge