# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID THOMAS WARREN,

    Petitioner,

vs.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 3:14-cv-00479-RCJ-VPC

**ORDER**

    Before the court are the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 11), respondents' motion to dismiss (ECF No. 16), petitioner's opposition (ECF No. 23), and respondents' reply (ECF No. 24). The court finds that many grounds in the amended petition are procedurally defaulted. The court also finds that two grounds in the amended petition are not cognizable in federal habeas corpus. The court grants respondents' motion in part.

    After a jury trial, petitioner was convicted of driving under the influence of intoxicating liquor. Ex. 43 (ECF No. 19-2). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 97 (ECF No. 21-16).

    While the direct appeal was pending, petitioner filed a post-conviction habeas corpus petition in the state district court. Ex. 60 (ECF No. 19-19). Ultimately, the petition was dismissed. Ex. 117 (ECF No. 22-16). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 123 (ECF No. 22-22).

    Petitioner then commenced this action. The court directed him to file an amended petition that named the correct respondent. ECF No. 5. Petitioner then filed the amended petition (ECF No.

11). The amended petition contained 28 grounds. The court dismissed grounds 4, 26, 27, and 28 because they were without merit. ECF No. 12. Respondents then filed their motion to dismiss (ECF No. 16).

Respondents first argue that grounds 1, 2, 3, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, and 25 are procedurally defaulted. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. Carrier, 477 U.S. at 488.

To show prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Carrier, 477 U.S. at 494 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis in original).

The Nevada Supreme Court held that the claims corresponding to grounds 1, 2, 3, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, and 25 of the amended petition were procedurally barred by Nev. Rev. Stat. § 34.810 because they could have been, but were not, raised on direct appeal. Ex. 123, at 1-3 (ECF No. 22-22, at 2-4). This ground for dismissal is an adequate and independent state rule. Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003).

Petitioner argues that he did not raise these claims on direct appeal because the Nevada Supreme Court did not allow him to represent himself on appeal, and thus he could not raise the claims that he wanted to raise. Opposition, at 13 (ECF No. 23, at 13). The court agrees with respondents' arguments that petitioner has not shown cause to excuse the procedural default. First,

petitioner's argument is the same as ground 4 of the amended petition: That he was not allowed to represent himself on appeal. The court dismissed ground 4 because it lacked merit. Petitioner has no constitutional right to represent himself on direct appeal. <u>Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.</u>, 528 U.S. 152 (2000). Because the claim lacks merit, it also cannot be cause to excuse the procedural default. Second, respondents correctly note that to the extent this court could construe petitioner's argument as a claim of ineffective assistance of appellate counsel, the claim is unexhausted because petitioner never presented such a claim to the Nevada Supreme Court. An unexhausted claim of ineffective assistance of counsel cannot be cause to excuse a procedural default. <u>Carrier</u>, 477 U.S. at 488-89. Consequently, the court dismisses grounds 1, 2, 3, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, and 25.

Respondents next argue that grounds 8 and 9 do not state claims for federal habeas corpus relief. In ground 8, petitioner claims that due process was violated because he needed to hire a towing company to obtain his truck after he was arrested. Petitioner also claims that his reputation was damaged because originally he was charged erroneously with driving under the influence of intoxicating liquor and causing death or substantial bodily harm.[1] In ground 9, petitioner claims that the incorrect charge of driving under the influence of intoxicating liquor and causing death or substantial bodily harm has been published on databases of criminal activity with a disposition of conviction. The court agrees with respondents. Even if petitioner's allegations in these two grounds are true, they would not mean that his custody pursuant to the judgment of conviction violates the constitution or laws of the United States. <u>See</u> 28 U.S.C. § 2254(a). This is not to say that petitioner has no means of correcting the erroneous information, if it has not already been corrected, just that habeas corpus is not the means of correcting that information. The court dismisses grounds 8 and 9

Respondents argue in the alternative that petitioner has not exhausted his available state-court remedies for grounds 8 and 9. The court will not address this argument because the court is dismissing those grounds for other reasons.

---

[1] By the time the criminal complaint was filed in the state justice court, petitioner was charged correctly with driving under the influence of intoxicating liquor, without any aggravating circumstances. Ex. 2 (ECF No. 17-2).

Respondents argue that grounds 5, 7, 20, and 22 are claims of violations of the Fourth Amendment, and that this court cannot consider those claims because petitioner had a full and fair opportunity to litigate them in the state courts. See Stone v. Powell, 428 U.S. 465 (1976). The court will not address this argument because the court is dismissing those grounds for other reasons.

Ground 23 of the amended petition remains. Respondents will need to file an answer to that ground.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 16) is **GRANTED** in part. Grounds 1, 2, 3, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, and 25 are **DISMISSED** because they are procedurally defaulted. Grounds 8 and 9 are **DISMISSED** because they are not cognizable in federal habeas corpus.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

Dated:   July 18, 2016

ROBERT C. JONES
United States District Judge