

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID THOMAS WARREN,

Petitioner,

vs.

DWIGHT NEVEN, et al.,

Respondents.

Case No. 3:14-cv-00479-RCJ-VPC

**ORDER**

Before the court are the amended petition for a writ of habeas corpus (ECF No. 11), respondents' answer (ECF No. 28), and petitioner's reply (ECF No. 29). The court finds that petitioner is not entitled to relief on the sole remaining ground for relief, and the court denies the amended petition.

After a jury trial, petitioner was convicted of felony driving under the influence of alcohol. Ex. 43 (ECF No. 19-2).[1] Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 97 (ECF No. 21-16).

While the direct appeal was pending, petitioner filed a post-conviction habeas corpus petition in state court. Ex. 60 (ECF No. 19-19). The state district court first denied the petition because it thought that it lacked jurisdiction. Ex. 77 (ECF No. 20-16). The Nevada Supreme Court disagreed and remanded. Ex. 93 (ECF No. 21-12). The state district court then denied the petition

---

[1] Subsequent amended judgments of conviction corrected the amount of credit for time served prior to sentencing and corrected clerical errors. See Ex. 56 (ECF No. 19-15), Ex. 103 (ECF No. 22-2).

for other reasons. Ex. 117 (ECF No. 22-16). The Nevada Supreme Court affirmed. Ex. 123 (ECF No. 22-22).

Petitioner then commenced this action. The court directed petitioner to file an amended petition because petitioner named the wrong respondent. ECF No. 5. Petitioner filed the amended petition. The court dismissed grounds 4, 26, 27, and 28 because they lacked merit. ECF No. 12. Upon respondents' motion to dismiss, the court dismissed grounds 1, 2, 3, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, and 25 because they were procedurally defaulted. The court also dismissed grounds 8 and 9 because they were not addressable in federal habeas corpus. ECF No. 27. Reasonable jurists would not find these conclusions to be debatable or wrong, and the court will not issue a certificate of appealability for these grounds. Ground 23 is the sole remaining ground.

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 562 U.S. at 100. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 562 U.S. at 102.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 103.

In addressing a claim of insufficient evidence, which petitioner does not now raise, the Nevada Supreme Court has provided an accurate summary of the evidence presented at petitioner's trial:

> Here, the State presented evidence that a police officer observed Warren driving a Chevrolet Suburban on a public road, determined that the license plates had expired and belonged on a different vehicle, and initiated a traffic stop. The officer investigated Warren for driving under the influence after observing his appearance and behavior and detecting the odor of an alcoholic beverage. Warren refused to perform the standard field sobriety tests and was transported to the Clark County Detention Center. A blood draw performed within two hours of the traffic stop revealed that Warren had a blood alcohol concentration of .174.

Ex. 97, at 1-2 (ECF No. 21-16, at 2-3).

Ground 23, the sole remaining ground, is a claim that the prosecution concealed potentially exculpatory or impeaching evidence. The police officer who arrested petitioner signed a temporary custody record. The first charge listed is "DUI FELONY / 484C.430." Ex. 1 (ECF No. 17-1, at 4). The citation to Nev. Rev. Stat. § 484C.430, formerly Nev. Rev. Stat. § 484.3795,[2] was erroneous. That section describes the penalties for a person who causes death or substantial bodily harm while driving under the influence. Petitioner did not kill or hurt anybody. The correct section was Nev.

---

[2] In 2009, a few months before petitioner was arrested, the Nevada Legislature revised the citations for the statutes that concerned driving under the influence.

Rev. Stat. § 484C.400, formerly Nev. Rev. Stat. § 484.3792, which describes the penalties for a person who was driving under the influence without causing any death or substantial bodily harm.[3] Petitioner, who represented himself at trial, cross-examined the arresting officer about this error. The officer testified that he always intended to charge petitioner with felony driving under the influence because of petitioner's prior convictions, but that he never intended to charge petitioner with causing death or substantial bodily harm. The officer also testified that a partner actually filled out the form, and that he only signed it. Ex. 24, at 85-92 (ECF No. 18-3, at 86-93).

After trial concluded, petitioner learned of a booking voucher. It contained the same information as the temporary custody record, including an erroneous citation to former Nev. Rev. Stat. § 484.3795 for causing death or substantial bodily harm while driving under the influence. Petitioner argues that this was concealed exculpatory evidence because it demonstrated that the arresting officer did not make a single mistake.

On this issue, the Nevada Supreme Court held:

> Warren contends that the State violated Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose a Detention Booking Voucher that showed he was booked under the wrong penal statute. Warren argues that this document was highly relevant to his theory of the case, would have undermined the arresting officer's claim that the error on the Temporary Custody Record was a single mistake, and may have buttressed his theory that the officer was biased against him. "Brady and its progeny require a prosecutor to disclose evidence favorable to the defense when that evidence is material either to guilt or punishment." Mazzan v. Warden, 116 Nev. 48, 66, 993 P.2d 25, 36 (2000). Evidence that was not requested or requested generally "is material [only] if there is a reasonable probability that the result would have been different if the evidence had been disclosed." Id. The Detention Booking Voucher appears to be nothing more than a computer-generated duplicate of the Temporary Custody Record that Warren received as part of his discovery. Accordingly, we conclude that Warren has not demonstrated a reasonable probability that the trial outcome would have been different if this evidence had been disclosed.

Ex. 97, at 5-6 (ECF No. 21-16, at 6-7). The Nevada Supreme Court identified the correct governing principle of federal law. The Nevada Supreme Court's determination that the booking voucher appears to be a computer-generated copy of the temporary custody record is reasonable. The page immediately following the booking voucher is a copy of the temporary custody record with some

---

[3]Petitioner never actually was charged in court under Nev. Rev. Stat. § 484C.430. The prosecution corrected the error by the time the criminal complaint was filed. See Ex. 2 (ECF No. 17-2).

-4-

1 additional file stamps. Ex. 1 (ECF No. 17-1, at 9). Of note, in the lower left corner of the sheet[4] is a
2 stamp that shows that petitioner was booked at 4:15 a.m. on May 21, 2010. The booking voucher
3 shows the same date and time, and it also notes that the booking voucher itself was generated at
4 4:34 a.m. the same date. Under these circumstances, the Nevada Supreme Court reasonably
5 concluded that the booking voucher contained no information that petitioner did not already possess
6 with the temporary custody record, and thus that there was no Brady violation.

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability for ground 23.

IT IS THEREFORE ORDERED that the amended petition for a writ of habeas corpus (ECF No. 11) is **DENIED**. The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: July 12, 2017.

ROBERT C. JONES
United States District Judge

---

[4]This would be the upper left corner of the page as imaged in the court's electronic case filing system.